IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG

**EARNEST ALLEN McCLAIN**

    Petitioner,

v.

**UNITED STATES OF AMERICA,**

    Respondent.

Civil No.:  1:16CV124
Criminal No.: 1:94cr142
(JUDGE KEELEY

## REPORT AND RECOMMENDATION

### I.   INTRODUCTION

On June 20, 2016, Ernest Allen McClain ("Petitioner"), proceeding *pro se*, filed a letter with the Court which was used to open a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody.  (Civil Action No. 1:16cv12, ECF No.1; 1:94cr143. ECF No. 48).[1] On July 20, 2016, the Clerk of Court issued a Notice of Deficient Pleading. ECF No. 50. To date, Petitioner has failed to comply with the Notice of Deficiency. On June 21, 2016, an Order was enter appointing the Federal Public Defender. ECF No. 52.The undersigned now issues this Report and Recommendation on the Petitioner's motion without requiring the Government to respond and without holding an evidentiary hearing.  For the reasons stated below, the undersigned recommends that the District Judge deny and dismiss the Petitioner's motion.

---

[1]From this point forward, all Document Numbers refer to Petitioner's Criminal Action.

1

## II.     Procedure History

### A. Conviction and Sentence

On April 21, 1995, Petitioner signed a plea agreement in which he agreed to plead guilty to the charge of use of destructive devices during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1). On September 5, 1995, Petitioner appeared before the court for sentencing. He was sentenced to 360 months imprisonment and 5 years of supervised release. The Court entered its Judgment and Commitment order on September 6, 1995. Petitioner did not appeal his conviction and sentence.

On July 13, 2000, Petitioner filed his first motion pursuant to 28 U.S.C. § 2255 in which he raised the following claims: (1) he was actually innocent of the charge of a destructive device in violation of 18 U.S.C. § 924(c); (2) his plea was not voluntary under Bailey v. United States, 516 U.S. 137 (1995); and (3) the use of the molotov cocktails by his co-defendant was outside the scope of the conspiracy. By order entered on March 5, 2001, the Court accepted the recommendation of the United States Magistrate Judge that the motion be denied as untimely. ECF No. 37.

On May 14, 2001, Petitioner filed another § 2255 Motion with this Court in which he raised an Apprendi claim. Petitioner asserted that his indictment was defective for failing to include the type of destructive device which was used and, because the essential element of the offense was not submitted to a jury, the court erred in enhancing his sentence beyond the statutory maximum of 5 years. On  November  1, 2002, the United States Magistrate Judge issued a report and recommendation finding that Petitioner did not obtain authorization from the Fourth Circuit Court of Appeals to

2

file a successive 2255 motion in this court. Accordingly, the Magistrate Judge determined that the Court was without authority to hear Petitioner's motion, and consequently recommended that the same be denied with prejudice. ECF No. 42. On December 4, 2002, the Court entered an order denying Petitioner's 225 Motion and dismissing it with prejudice. ECF No. 44. On January 17, 2003, petitioner filed a notice of appeal. ECF No. 45. On March 31, 2003, the Fourth Circuit denied a certificate of appealability and dismissed the appeal. ECF No. 47.

In his pending Motion to Vacate, Petitioner appears to raise the argument that Johnson v. United States, 135 S. Ct. 2551 (2015) applies to his conviction.[1]

### III.   ANALYSIS

Regarding a second or successive federal habeas corpus motion, 28 U.S.C. § 2255(h) states:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain–
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court that was previously unavailable.

Id. In order for a motion to be considered successive, a prior motion must have been dismissed on its merits. See Slack v. McDaniel, 529 U.S. 473, 485-89 (1999); Harvey v.

---

[1] The letter submitted by Petitioner indicated that the prison recently posted information about a pair of cases that he believed applied to him. In particular, he mentioned the Johnson case. The letter further indicated that Petitioner did not know how to proceed and asked the Court to appoint him an attorney.

Horan, 278 F.3d 370, 379-80 (4th Cir. 2002), abrogated on other grounds by Skinner v. Switzer, 131 S. Ct. 1289 (2011).

Here, it is clear that one of Petitioner's prior habeas petitions was dismissed on the merits.[2] ECF No. 37. Thus, the undersigned finds that the current § 2255 motion is a second or successive motion and Petitioner did not obtain authorization from the Fourth Circuit to file a successive § 2255 motion. Accordingly, pursuant to 28 U.S.C. § 2244 and 28 U.S.C. § 2255, this Court is without authority to hear Petitioner's current federal habeas petition. See United States v. Winestock, 340 F.3d 200, 207 (4th Cir. 2003).

## IV.    RECOMMENDATION

For the foregoing reasons, the undersigned recommends that Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Civil Action No. 1:16cv12, ECF. No. 1; Criminal Action No. 1:94cr143, ECF No. 48] be **DENIED** and **DISMISSED** as an unauthorized second or successive motion.

Within **fourteen (14) days** after being served with a copy of this report and recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objections are made and the basis for such objections.  A copy of any objections shall also be submitted to the Honorable Irene M. Keeley, United States District Judge.  Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court

---

[2] Although Petitioner's first § 2255 motion was dismissed on statute of limitations grounds, such a dismissal is akin to a dismissal on the merits, and thus bars a subsequent motion without leave of the Fourth Circuit.  See Shoup v. Bell & Howell Co., 872 F.2d 1178 (4th Cir. 1989); see also United States v. Flannery, 45 Fed. Appx. 456, 2002 WL 2020042 (6th Cir. 2002); United States v. Casas, No. 01 C 1848, 2001 WL 1002511, *2 (N.D. Ill. Aug. 30, 2001).

based upon such recommendation.  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Court directs the Clerk of the Court to provide a copy of this Report and Recommendation to all counsel of record as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.  The Court further directs the Clerk of the Court to mail a copy of this Report and Recommendation to the Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet, and to counsel of record via electronic means.

DATED: October 4, 2016

*/s Michael John Aloi*
MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE